**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | No. CV11-2182-PHX-SRB |
| | ) | CR08-0258-10-PHX-SRB |
| Plaintiff/Respondent, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| Stewart Edwards, | ) | |
| | ) | |
| Defendant/Movant. | ) | |
| | ) | |
| _____ | ) | |

Defendant Stewart Edwards was convicted of Conspiracy to Possess with the Intent to Distribute 100 Kilograms or More of Marijuana and Possession with Intent to Distribute Marijuana. On August 10, 2009 he was sentenced to the mandatory minium term of 60 months in prison on each count to be served concurrently. His guideline suggested sentencing range was 78-97 months in prison. Defendant's conviction was affirmed on appeal. The Court of Appeals determined that his guideline offense level was properly increased by two levels because loaded guns were possessed by others during the commission of the offense and that he was not safety valve eligible because he failed to provide the Government with all material information he had regarding the activities of himself and his co-conspirators as required by 18 U.S.C. § 3553(f)(5) and U.S.S.G § 5C1.2(a)(5).

Pending before the Court is Defendant's Amended Motion to Vacate , Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. Defendant

1  raised three claims of ineffective assistance of counsel in his Amended Motion.  He claims
2  that his lawyer was ineffective because she failed to discuss how the safety valve might effect
3  his sentence, that his lawyer was ineffective because she failed to explain that he would have
4  qualified for acceptance of responsibility if he had pled guilty and that his lawyer was
5  ineffective because she advised him that he could not plead guilty without testifying against
6  a co-defendant. The United States filed a response in opposition and Defendant filed a reply.
7  On August 20, 2012 the Magistrate Judge issued his Report and Recommendation
8  recommending that the Amended Motion to Vacate, Set Aside or Correct Sentence by a
9  Person in Federal Custody pursuant to 28 U.S.C. § 2255 be denied.  Defendant has filed
10 timely written objections.  The Government has responded to those objections.
11 At the heart of the Defendant's claims for ineffective assistance of counsel is his belief
12 that he could have received a sentence less than 60 months in prison while acknowledging
13 that he rejected a cooperation plea agreement. As the Government explains in its response
14 to Defendant's objections there are only two means to a sentence for Defendant's crimes of
15 conviction below the 60 month mandatory minium sentence.  One is when a defendant
16 provides substantial assistance to the Government by cooperating and the other is when a
17 defendant qualifies for the safety value.  Only safety valve eligibility is at issue here since
18 Defendant admits he rejected a cooperation plea agreement.
19 If Defendant was not eligible for the safety valve he could not receive a sentence less
20 than 60 months in prison. Because Defendant received the mandatory minium sentence of
21 60 months in prison the Magistrate Judge correctly found that even if any claims of
22 deficiency in the performance of counsel were true Defendant cannot show prejudice. The
23 Court of Appeals has already determined on Defendant's appeal that he was not safety valve
24 eligible because he failed to demonstrate that he had provided the Government with all
25 material information he had regarding activities of himself and his co-conspirators.  18
26 U.S.C. § 3553(f)(5) is one of the five conditions that must be satisfied in order for a
27 defendant to be safety valve eligible.  That section provides:
28

> Not later than the time of the sentencing hearing, the defendant has truthfully provided to the government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

Defendant admittedly did not provide the information required to be safety valve eligible. Because Defendant was not safety valve eligible and could not receive a sentence less than 60 months he cannot show that he was prejudiced even if his counsel did not inform him of the option to plead guilty to the charges without a plea agreement, failed to discuss the safety valve provision with him, failed to advise him that he could receive acceptance of responsibility if he pled guilty, and failed to advise him that he could plead guilty without a plea agreement and not be required to testify against his co-defendants.

IT IS ORDERED overruling Defendant's objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 15)

IT IS FURTHER ORDERED that Defendant's Amended Motion to Vacate, Set Aside or Correct Sentencing by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 is denied. (Doc. 5)

IT IS FURTHER ORDERED that Respondent's Motion for Order to Declare Attorney-Client Privilege Waived is denied as moot. (Doc. 12)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal because Defendant has not made a substantial showing of the denial of a constitutional right.

DATED this 24th day of September, 2012.

_____
Susan R. Bolton
United States District Judge